# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LORI DEBUS,**<br><br>   Plaintiff,<br><br>   v.<br><br>**BURLINGTON NORTHERN & SANTA FE RAILWAY COMPANY,**<br><br>   Defendant. | Case No. 15-9121-JAR-GEB |

## MEMORANDUM AND ORDER

Plaintiff Lori Debus brought this action against her former employer, Defendant Burlington Northern & Santa Fe Railway Company, alleging discrimination on the basis of her age and sex, retaliation for complaining about violations to the Federal Railroad Administration, breach of her employment contract, and fraudulent and negligent investigations into a train derailment for which fault was attributed to Plaintiff. This matter comes before the Court on Defendant Burlington Northern & Santa Fe Railway Company's Motion to Dismiss Count IV of the Complaint (Doc. 7) for failure to state a claim upon which relief may be granted. Count IV alleges public policy retaliation under Kansas law. This motion is fully briefed, and the Court is prepared to rule. As explained more fully below, the Court grants Defendant's motion to dismiss Count IV because the remedy available under the Federal Railroad Safety Act precludes relief under Kansas common law.

## I.   Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level"

and must contain "enough facts to state a claim to relief that is plausible on its face."[1] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[3] but requires more than "a sheer possibility."[4]

The plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*[5] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court stated 'will not do.'"[6] *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[7]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[8] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[9] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[4] *Id.*
[5] 550 U.S. 544 (2007).
[6] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).
[7] *Id.* (citing *Twombly*, 550 U.S. at 556).
[8] *Iqbal*, 556 U.S. at 678.
[9] *Id.* at 678–79.

entitlement to relief."[10]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

## II.     Background

The following facts are alleged in the Complaint and taken as true for purposes of deciding this motion.

Plaintiff Lori Debus was employed by Defendant Burlington Northern & Santa Fe Railway Company ("BNSF") as a switchperson for seventeen years.  In the fall of 2012, and again in May 2013, Plaintiff reported violations to the Federal Railroad Administration ("FRA").  After reporting these violations, she was reassigned, her hours were cut, and her earning capacity was diminished.  She also was disciplined for conduct that other similarly situated younger and male coworkers were not subjected to for the same conduct.

On December 1, 2013, while Plaintiff was working, a train derailed.  Plaintiff was terminated after an investigation into the train derailment concluded the derailment was Plaintiff's fault.

## III.    Discussion

Plaintiff alleges several claims for relief in the Complaint.  This motion seeks to dismiss only Count IV: public policy retaliation under Kansas law.  Plaintiff alleges that she was retaliated against for reporting violations to the FRA on two occasions through discipline, changing her assignments and responsibilities, cutting her pay, and terminating her.  Defendant seeks dismissal because an adequate alternative remedy exists under the Federal Railroad Safety

---

[10]*Id.* at 679

[11]*Id.* at 678.

Act ("FRSA"). Plaintiff responds that the adequate remedies doctrine does not apply to claims of retaliation by whistleblowers, and that the FRSA remedies are inadequate.[12]

Kansas is an at-will employment jurisdiction, meaning that absent an express or implied contractual agreement an employer is free to terminate employment at will.[13] The Kansas Supreme Court, however, has recognized an exception to the at-will employment doctrine for retaliatory discharge.[14] This common law exception, based on public policy concerns, seeks to discourage employers from firing employees who exercise their rights under labor-management regulation statutes.[15] The application of the public policy exception, however, is unnecessary when a plaintiff is already protected by a statutory remedy because the statutory remedy will adequately address the state's public policy concerns.[16] Thus, under the adequate alternative remedy doctrine, if an adequate federal or state statutory remedy is available, the public policy claim under Kansas common law is precluded.[17] Therefore, to state a plausible claim for retaliatory discharge under Kansas common law, a plaintiff must not only present factual allegations showing conduct that violates public policy, but the plaintiff also must have no adequate alternative remedy under federal or state statutory law.[18] "Characteristics of an adequate statutory remedy include ample filing time, limits on the discretion of an administrative

---

[12] Plaintiff also argues that the FRSA does not preempt the state law claim. This argument, however, is irrelevant because Defendant's motion argues that the FRSA precludes recovery under state law, and not that the FRSA preempts state law.

[13] *Flenker v. Willamette Indus., Inc.*, 967 P.2d 295, 298 (Kan. 1998) (citing *Johnston v. Farmers Alliance Mutual Ins. Co.*, 545 P.2d 312 (Kan. 1976)).

[14] *Id.*

[15] *Id.* (citing *Palmer v. Brown*, 752 P.2d 685 (Kan. 1988)); *Scott v. Topeka Performing Arts Ctr, Inc.*, 69 F. Supp. 2d 1325, 1328 (D. Kan. 1999) (quoting *Brown v. United Methodist Homes for the Aged*, 815 P.2d 72 (Kan. 1991)).

[16] *See Conner v. Schnuck Mkts, Inc.*, 906 F. Supp. 606, 615 (D. Kan. 1995) (citing *Polson v. Davis*, 895 F.2d 705, 709–10 (10th Cir. 1990)).

[17] *Id.*

[18] *Id.*

official in awarding relief, and an opportunity for the employee to pursue relief after administrative remedies are exhausted."[19]

Defendant argues that the FRSA provides an adequate remedy for Plaintiff's claim that she was retaliated against for reporting safety violations to the FRA. Plaintiff first responds by positing that Kansas law creates a distinction among the various types of retaliatory discharge claims, and that lack of an adequate alternative remedy is not required to be pled and proved with respect to retaliation claims that involve whistleblowing. Plaintiff provides no authority in support of this argument and the Court finds no authority in the case law that supports the contention that some retaliatory discharge claims are precluded by adequate alternative remedies while others are not.

The Court therefore proceeds to consider whether the FRSA provides an adequate alternative remedy to Plaintiff's claim. Kansas courts have not yet considered whether the FRSA scheme is an adequate alternative remedy for a whistleblowing claim under Kansas law. However, the Court is persuaded by the Kansas case law construing other statutory remedies that the Kansas Supreme Court would conclude that the FRSA provides adequate protection and remedies for those who suffer retaliation for reporting alleged safety violations.[20]

First, in *Flenker v. Williamette Industries, Inc.*,[21] the Kansas Supreme Court considered the alternative remedies doctrine in evaluating whether remedies under the Occupational Safety & Health Act ("OSHA") were adequate to preclude a public policy retaliatory discharge claim by an employee who asserted he was discharged for reporting OHSA violations. The court concluded that OSHA's remedy was inadequate because the complainant had only thirty days to

---

[19] *Chapman v. Atchison Casting Corp.*, No. CIV. 99-2094-KHV, 2000 WL 1469315, at *2 (D. Kan. Sept. 25, 2000).

[20] *See Oliveros v. Mitchell*, 449 F.3d 1091, 1093 (10th Cir. 2006).

[21] 967 P.2d 295 (Kan. 1998).

file a complaint, the Secretary of Labor had full discretion as to whether to investigate the complaint and the complainant had no right of appeal, only the Secretary of Labor had authority to pursue the claim in federal court.[22]  Importantly, there was no provision in OSHA for an employee to bring a private action in federal court.[23]  Unlike OSHA, a FRSA complainant has 180 days to file a complaint with the Secretary of Labor.[24]  And unlike OSHA, in a FRSA complaint the Secretary, "*shall* conduct an investigation and determine whether there is reasonable cause to believe that the complaint has merit."[25]  Moreover, the FRSA contains a "kick out" provision that allows the complainant to remove the complaint from the administrative process and file a federal court action at any time after the complaint has been pending for 210 days.[26]  The Court finds that these differences distinguish the FRSA remedial scheme from the OSHA framework that the court deemed inadequate under the adequate alternative remedy test in *Flenker*.

In *Hysten v. Burlington Northern Santa Fe Railway Co.*,[27] the Kansas Supreme Court examined whether the Railway Labor Act ("RLA") provided an adequate alternative remedy to a Kansas common law retaliation claim based on an employer's discharge of a railroad employee in retaliation for the employee's exercise of rights under a collective bargaining agreement.[28] The RLA provides for an arbitration procedure when a railroad employee seeks to enforce her rights under a collective bargaining agreement.  The Court found that arbitration under the RLA was inadequate, despite the plaintiff's ability to appeal the ruling of the National Railroad

---

[22]*Id.* at 300–02.

[23]*Id.* at 303.

[24]49 U.S.C.A. § 20109(d)(2)(A)(ii).

[25]*Id.* § 42121(b)(2)(A) (emphasis added).

[26]*Id.* § 20109(d)(3).

[27]108 P.3d 437, 445 (Kan. 2004).

[28]*Id.* at 444–45.

Adjustment Board to federal court.[29] The court determined that the narrowness of the standard of judicial review under that statute insulated the Board's factfinding from judicial scrutiny, and that the lack of damages for pain and suffering and punitive damages as compared to Kansas law rendered the federal statutory framework inadequate.[30] In contrast, the FRSA does not require a complainant to engage in arbitration, and the damages available to a FRSA complainant are not merely economic; they include the possibility of punitive damages.[31]

The Court finds that the FRSA is instead analogous to the Energy Reorganization Act ("ERA") and to Title VII, which the court in *Flenker* suggested were adequate remedies.[32] Like those statutory remedies, the FRSA contains a mandatory investigation provision upon receipt of a complaint, and the complainants have a right to file suit in federal court. Like the ERA, the FRSA provides 180 days for filing a complaint with the administrative agency. And like the ERA, the FRSA provides for appellate review of a final agency order.

Plaintiff complains that the FRSA does not allow for review in federal court if an adverse decision is reached before 210 days pass. In this scenario, Plaintiff argues the complainant is left with no recourse but an appeal, and would therefore have no opportunity to conduct discovery or have a jury trial. But the fact that a claimant may not seek de novo review in federal district court after 210 days, either by choice or because the Secretary issues a final decision before the time runs, does not mean that the statute does not provide a meaningful opportunity for judicial review. As one court has pointed out:

> A claimant may seek de novo review in the federal district court if there has been no final decision within 210 days.

---

[29]*Id.* at 444.

[30]*Id.*

[31]*See* 49 U.S.C. § 20109(e) (providing for back pay, reinstatement, and compensatory damages and permitting punitive damages); 42 U.S.C. § 5851(b)(2)(B) (providing for attorney fees and costs).

[32]*Flenker*, 967 P.2d at 303; *see Masters v. Daniel Int'l Corp.*, 917 F.2d 455, 457 (10th Cir. 1990).

7

> Alternatively, if he does not prioritize speedy resolution of his claim, he may decide to await an administrative hearing and decision from the ALJ and then appeal to the Court of Appeals when it becomes final. In either scenario the claimant is entitled to an evaluation of the merits of his claim.[33]

In other words, the statute allows the complainant to make the decision as to whether her claim is decided in federal district court or through the administrative hearing process, provided no final decision is reached within 210 days. The degree of control exerted by the complainant over her claim is one of the areas the Kansas Supreme Court focused on in *Hysten*.[34] The court determined that the RLA was inadequate in part because an adverse decision by the Adjustment Board could only be reviewed under narrow circumstances, which "robbed [the claimant] of most of his control over the issues to be addressed."[35] Under the FRSA, the complainant has much more control over the claim. Even if a final decision by the Secretary is issued within 210 days, she may seek review in the federal appeals court,[36] and is not limited to the narrow grounds for appeal provided by the RLA. Moreover, if the complainant proceeds through the administrative hearing process, she is entitled to discovery and a hearing. Finally, contrary to Plaintiff's assertion, the failure to provide for a jury trial is not fatal to the adequate alternative remedies test.[37]

For all of the reasons explained above, the Court finds that the FRSA is an adequate alternative remedy to Plaintiff's retaliatory discharge claim under Kansas law. As such, her

---

[33]*Glista v. Norfolk S. Ry. Co.*, No. CIV A. 13-4468, 2014 WL 1123374, at *4 (E.D. Pa. Mar. 21, 2014).

[34]*Hysten*, 108 P.3d at 444–45.

[35]*Id.* at 445.

[36]49 U.S.C. § 20109(d)(4).

[37]*See Howell v. BNSF Ry. Co.*, No. 14 C 9977, 2016 WL 3528237, at *4 (N.D. Ill. June 4, 2015) (discussing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331–32 & n.19 (1979)); *see also Chapman v. Atchison Casting Corp.*, No. CIV. 99-2094-KHV, 2000 WL 1469315, at *2 (D. Kan. Sept. 25, 2000).

retaliatory discharge claim must be dismissed for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Burlington Northern & Santa Fe Railway Company's Motion to Dismiss Count IV of the Complaint (Doc. 7) is **granted**.

**IT IS SO ORDERED.**

Dated: January 13, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE